# BELKNAP,

## JANUARY TERM, A. D. 1846.

## GILFORD *v.* GILMANTON.

An act, severing a town, does not give a settlement to one as a pauper who had not one before, nor take the case of any one out of the operation of the statute of July 3, 1841.

ASSUMPSIT, for supplies furnished by the town of Gilford for one Lydia Stevens, and for the funeral expenses and burial of said Lydia, a pauper, alleged to have her settlement in the town of Gilmanton.

The pauper had no settlement in Gilmanton unless she derived a settlement therein from her father, Daniel Stevens. Said Daniel Stevens had his settlement in Gilmanton, in 1799, having gained it under a law of this State passed prior to the 31st day of December, A. D. 1795, and resided in that part of Gilmanton which is now Gilford. Before the year 1812 he removed into that part which is still Gilmanton; from which place he removed into Barnstead, where he remained at the time the town of Gilmanton was divided, June, 1812.

It was agreed that if, upon the foregoing case, the court shall be of opinion that said Daniel Stevens gained a settlement in Gilmanton, under any law of this State passed since the 31st day of December, A. D. 1795, then judgment shall be rendered for the plaintiffs for the sum sued for in their writ, and costs; otherwise, judgment shall be rendered for the defendants for costs.

*Hazelton,* for the plaintiff.

*Fogg,* for the defendant.

GILCHRIST, J.   This is an action brought to charge the town of Gilmanton, as being the place of the legal settlement of Lydia Stevens.   Her settlement, if such she had, was derived from her father, and not otherwise.   His settlement depended upon laws passed prior to 1796, and, therefore, cannot be proved since the statute of July 3, 1841.

The act severing the town of Gilmanton does not make the case an exception, under the act of 1841; nor does the severing of a town give any one a settlement who had not one before.

*Judgment for the defendant.*